FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E.D N.Y

★ SEP 27 2010 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
OMAR GUTIERREZ,

                Petitioner,

        - against -

SUPERINTENDENT JOSEPH SMITH,

                Respondent.
-----------------------------------------------------------------X
FEUERSTEIN, J.

OPINION & ORDER
06-CV-4939 (SJF)

On December 3, 2001, a judgment of conviction was entered against petitioner Omar Gutierrez ("petitioner") in the Supreme Court of the State of New York, Suffolk County ("the trial court") (Copertino, J.), upon a jury verdict finding him guilty of murder in the second degree in violation of New York Penal Law § 125.25(2) (depraved indifference murder)[1] and assault in the third degree in violation of New York Penal Law § 120.00(2), and imposition of sentence. On September 12, 2006, petitioner filed a petition in this Court seeking a writ of habeas corpus pursuant to 28 U.S.C § 2254.[2] For the reasons set forth herein, the petition is dismissed in its entirety.

---

[1] The jury acquitted petitioner of murder in the second degree in violation of N.Y. Penal Law § 125.25(1) (intentional murder).

[2] By order dated December 11, 2006, petitioner's motion to stay this proceeding and hold it in abeyance pending exhaustion of his claims in state court was granted. By order dated June 11, 2009, petitioner's motion to vacate the stay was granted. Respondent filed his return on April 22, 2010 and petitioner filed his reply on May 13, 2010.

1

I. BACKGROUND

   A. Factual Background

The facts in this case are not in dispute for purposes of this proceeding. In summary, the evidence at trial established that on June 13, 1999, a brawl occurred outside of a bar in Suffolk County, New York in which petitioner was involved; that petitioner stabbed one (1) individual outside of the bar; and that petitioner chased down a second individual and fatally stabbed him in the chest twice. On November 1, 2001, a jury found petitioner guilty of murder in the second degree (depraved indifference) and assault in the third degree, but acquitted him of intentional murder.

   B. Procedural History

On December 3, 2001, a judgment of conviction was entered against petitioner in the trial court upon a jury verdict finding him guilty of murder in the second degree in violation of New York Penal Law § 125.25(2) (depraved indifference murder) and assault in the third degree in violation of New York Penal Law § 120.00(2), and imposition of sentence to an indeterminate term of imprisonment of twenty-five (25) years to life on the murder conviction and a concurrent determinate term of imprisonment of one (1) year on the assault conviction.

Petitioner appealed the judgment of conviction to the Supreme Court of the State of New York, Appellate Division, Second Judicial Department on the grounds: (1) that the evidence at trial only supported a conviction of intentional murder and, thus, was legally insufficient to support his conviction of depraved indifference murder ("the legal insufficiency claim"); (2) that New York Penal Law § 125.25(2) is unconstitutionally vague ("the unconstitutionally vague

claim"); (3) that the verdict was against the weight of the evidence; (4) that his statements to law enforcement officials should have been suppressed as obtained in violation of his right to counsel; and (5) that the sentence imposed was harsh and excessive. On February 14, 2005, the Appellate Division, Second Department affirmed the judgment of conviction, finding, *inter alia*: (1) that petitioner's legal insufficiency claim was unpreserved for appellate review pursuant to New York Criminal Procedure Law § 470.05(2)[3]; (2) that the verdict was not against the weight of the evidence; (3) that petitioner's "claim that his right to counsel attached before he made his statements to law enforcement authorities is without merit;" (4) that the sentence imposed was not excessive; and (5) that petitioner's remaining contentions were either unpreserved for appellate review or without merit. People v. Gutierrez, 15 A.D.3d 502, 503-4 (2d Dept. 2005). On June 14, 2005, the New York State Court of Appeals denied leave to appeal the order of the Appellate Division. People v. Gutierrez, 5 N.Y.3d 763, 801 N.Y.S.2d 257, 834 N.E.2d 1267 (N.Y. 2005).

On or about September 12, 2006, petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging: (1) that the evidence was legally insufficient to support his conviction of depraved indifference murder; (2) that the Appellate Division erred in denying his legal insufficiency claim as unpreserved; (3) that his trial counsel was ineffective for failing to object to the legal insufficiency of the evidence at trial; (4) that N.Y. C.P.L. § 125.25(2) is unconstitutionally vague; and (5) that his appellate counsel was ineffective for failing to raise claims on direct appeal (a) that his trial counsel was ineffective and (b) that his legal

---

[3] Petitioner admits that his trial counsel made only a general objection to the sufficiency of the evidence which is insufficient to preserve the issue for appeal under New York law. (Pet. Mem., p. 11).

3

insufficiency claim was based on new law.

On the same date, petitioner filed a motion in the County Court of the State of New York, Suffolk County ("the County court") pursuant to New York Criminal Procedure Law § 440.10 ("the 440.10 motion"), seeking to vacate the judgment of conviction on the basis: (1) that the trial evidence could only support a conviction for intentional murder and, thus, was legally insufficient to convict him for depraved indifference murder; (2) that no contemporaneous objection was necessary at trial to preserve the legal insufficiency claim for appellate review; (3) that the Appellate Division erred in failing to retroactively apply the change in law regarding the depraved indifference standard to his case; (4) that New York Penal Law § 125.25(2) is unconstitutionally vague; and (5) that his trial counsel was ineffective for failing (a) to object to the insufficiency of the evidence in support of a depraved indifference murder conviction and (b) to raise the unconstitutionally vague claim at trial.

By order dated December 8, 2006, this Court granted petitioner's motion to stay his federal habeas proceeding and to hold it in abeyance pending exhaustion of his claims in state court.

By order dated January 4, 2007, the County court (Hinrichs, J.) denied petitioner's 440.10 motion without a hearing finding, *inter alia*: (1) that petitioner's contentions relating to his legal insufficiency claim (the first three claims and an ineffective assistance of trial counsel claim) had to be rejected because the New York State Court of Appeals had ruled that the change in the law regarding the standard for depraved indifference murder was not to be applied retroactively; (2) that petitioner's unconstitutionally vague claim "must be denied [] pursuant to [N.Y.] CPL § 440.10(2)(a), as having previously been raised and denied on the merits on direct appeal" and, in

4

any event, was without merit; and (3) that since the unconstitutionally vague claim was without merit, that branch of petitioner's ineffective assistance of counsel claim was also without merit. People v. Gutierrez, 14 Misc.3d 1213(a), 2007 WL 28452 (N.Y. Co. Ct. 2007). By order dated August 2, 2007, the Appellate Division, Second Department (Dillon, J.) granted petitioner leave to appeal from the January 4, 2007 order.

By order dated December 30, 2008, the Appellate Division, Second Department affirmed the order denying petitioner's 440.10 motion, but "for reasons other than those relied upon by the County Court." People v. Gutierrez, 57 A.D.3d 1006, 871 N.Y.S.2d 325 (2d Dept. 2008). The Appellate Division held, *inter alia*: (1) that N.Y. C.P.L. § 440.10(3)(a), which precludes claims based upon facts that could with due diligence have readily been made to appear on the record during the trial in a manner providing adequate basis for review on appeal, barred petitioner from seeking collateral review of his legal insufficiency claim; (2) that N.Y. C.P.L. § 440.10(2)(c), which precludes claims based on matters appearing in the record and, thus, could have been raised on direct appeal from the judgment of conviction, barred petitioner from seeking collateral review of his ineffective assistance of trial counsel claims; and (3) that petitioner's remaining contentions were not properly before that Court pursuant to N.Y. C.P.L. §§ 440.10(2)(a) and (3)(a). On April 3, 2009, the New York State Court of Appeals denied leave to appeal the December 30, 2008 order of the Appellate Division. People v. Gutierrez, 12 N.Y.3d 816, 881 N.Y.S.2d 24, 908 N.E.2d 932 (N.Y. 2009).

On June 2, 2009, petitioner filed an amended habeas petition in this Court alleging: (1) that the evidence was legally insufficient to support his conviction of depraved indifference murder; (2) that his trial counsel was ineffective for failing to object to the legal insufficiency of

the evidence at trial; and (3) that N.Y. C.P.L. § 125.25(2) is unconstitutionally vague.[4] By order dated June 11, 2009, petitioner's application to vacate the stay of this proceeding was granted. Respondent filed his return on April 22, 2010 and petitioner filed his reply on May 13, 2010.

II.   DISCUSSION

    A.   Independent and Adequate State Ground Doctrine

Pursuant to the independent and adequate state ground doctrine, a federal habeas court will not review a federal claim rejected by a state court "if the decision of [the state] court rests on a state law ground that is independent of the federal question and adequate to support the judgment." Beard v. Kindler, 130 S.Ct. 612, 614, 175 L.Ed.2d 417 (2009) (insertion in original) (quoting Coleman v. Thompson, 501 U.S. 722, 729, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991)); see also Cone v. Bell, 129 S.Ct. 1769, 1780, 173 L.Ed.2d 701 (2009). Thus, a federal court may not review a state prisoner's federal claims if the claims were denied in state court pursuant to an independent and adequate state procedural rule, "unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 749-750, 111 S.Ct. 2546; Clark v. Perez, 510 F.3d 382, 393 (2d Cir. 2008).

In determining whether federal habeas review is precluded by the independent and adequate state ground doctrine, the habeas court must look "to the last state court decision

---

[4] Since petitioner did not raise his claims that the Appellate Division erred in finding his legal insufficiency claim unpreserved and that his appellate counsel was ineffective in his amended petition, I deem those claims withdrawn. In any event, petitioner's failure to exhaust those claims in state court precludes him from maintaining them in this proceeding. See 28 U.S.C. § 2254(b).

rendering a judgment on the petitioner's federal claim." Clark, 510 F.3d at 394; see also Messiah v. Duncan, 435 F.3d 186, 195 (2d Cir. 2006). If it is "clear from the face" of the last state court decision, Fama v. Commissioner of Correctional Services, 235 F.3d 804, 809 (2d Cir. 2000), that the court relied on a state procedural ground in disposing of the petitioner's claim, federal review may be precluded. See Clark, 510 F.3d at 394; Messiah, 435 F.3d at 195. If a state court holding contains a plain statement that a claim is procedurally defaulted then the federal habeas court may not review it, even if the state court also rejected the claim on the merits in the alternative. See Harris v. Reed, 489 U.S. 255, 264 n.10, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989) ("a state court need not fear reaching the merits of a federal claim in an *alternative* holding" so long as it explicitly invokes a state procedural rule as a separate basis for its decision); see also Green v. Travis, 414 F.3d 288, 294 (2d Cir. 2005) (holding that a claim is precluded from federal habeas review when a state court held that it was "not preserved for appellate review," but then ruled on the merits of the claim "in any event.")

Adequacy of a state procedural rule is governed by federal law. Beard, 130 S.Ct. at 617; Cone, 129 S.Ct. at 1780; Richardson v. Greene, 497 F.3d 212, 217-8 (2d Cir. 2007). A state procedural rule will be deemed adequate only if it is "firmly established and regularly followed" by the state. Beard, 130 S.Ct. at 617-8 (quoting Lee v. Kemna, 534 U.S. 362, 376, 122 S.Ct. 877, 151 L.Ed.2d 820 (2002)). "Moreover, even though a rule generally might be considered firmly established and regularly followed, considered in the specific circumstances of a case, it still might be inadequate to preclude federal review, if its application would be 'exorbitant,' that is to say, an arid 'ritual. . . [that] would further no perceivable state interest.'" Richardson, 497 F.3d at 218 (quoting Lee, 534 U.S. at 366, 122 S.Ct. 877); see also Donaldson v. Ercole, No. 06-5781-pr,

2009 WL 82716, at * 1 (2d Cir. Jan. 14, 2009) (summary order); Clark, 510 F.3d at 392.

"Nonetheless, the principles of comity that drive the [independent and adequate state ground] doctrine counsel that a federal court that deems a state procedural rule inadequate should not reach that conclusion lightly or without clear support in state law." Garcia v. Lewis, 188 F.3d 71, 77 (2d Cir. 1999) (internal quotations and citation omitted). The independent and adequate state ground doctrine applies so long as there is a "fair and substantial basis" in state law for the state court's determination that the petitioner procedurally defaulted on his claim. Id. at 78. "Where * * * there is no evasion of the constitutional issue, and the non-federal ground of decision has fair support, * * * it [is] improper for [a federal court] to inquire whether the rule applied by the state court is right or wrong, or substitute [its] view of what should be deemed the better rule, for that of the state court." Id. (internal quotations and citation omitted).

        1.     Legal Insufficiency Claim

On direct appeal from the judgment of conviction, the Appellate Division, Second Department rejected petitioner's legal insufficiency claim as "unpreserved for appellate review" pursuant to N.Y. C.P.L. § 470.05(2), and further declined to review that claim on the merits under its "interest of justice jurisdiction" pursuant to N.Y. C.P.L. §§ 470.15(3)(c) and (6)(a). People v. Gutierrez, 15 A.D.3d at 503, 790 N.Y.S.2d 493. Moreover, in affirming the denial of petitioner's 440.10 motion, the Appellate Division held that collateral review of his legal insufficiency claim was barred by N.Y. C.P.L. § 440.10(3)(a). People v. Gutierrez, 57 A.D.3d at1006, 871 N.Y.S.2d 325.

Section 470.05(2) is variously referred to as New York's "contemporaneous objection

rule" or "preservation rule." That rule requires defense counsel to make a contemporaneous objection to any alleged legal error during a criminal trial. N.Y. C.P.L. § 470.05(2). The Second Circuit has consistently found New York's preservation rule to be an independent and adequate state ground that may preclude federal habeas review of a claim, see, e.g. Brown v. Ercole, 353 Fed. Appx. 518, 520 (2d Cir. Nov. 16, 2009) (summary order); Donaldson, 2009 WL 82716, at * 2; Garcia, 188 F.3d at 77-78, even if applied only sporadically or in novel circumstances. Garcia, 188 F.3d at 79 (holding that New York's preservation rule "is not rendered 'inadequate' on account of novelty or sporadic application, as sometimes is the case.") Moreover, the Second Circuit has specifically found New York's preservation rule to be an independent and adequate state law ground precluding federal habeas review of similar claims challenging the legal insufficiency of convictions for depraved indifference murder. See, e.g. Donaldson, 2009 WL 82716, at * 2-3 (rejecting the petitioner's contention that his legal sufficiency claim constituted an "exceptional case" rendering the preservation rule inadequate); King v. Artus, 259 Fed. Appx. 346, 347 (2d Cir. Jan. 2, 2008).

Furthermore, a discretionary state procedural rule, like N.Y. C.P.L. § 440.10(3)(a), "can serve as an adequate ground to bar federal habeas review[,] * * * even if the appropriate exercise of discretion may permit consideration of a federal claim in some cases but not others." Beard, 130 S.Ct. at 618. Indeed, courts in this Circuit have repeatedly held Section 440.10(3)(a) to be an independent and adequate state procedural rule that may preclude federal habeas review of a claim. See, e.g. Farr v. Greiner, No. 01-cv-6921, 2007 WL 1094160, at * 17 (E.D.N.Y. Apr. 10, 2007) (citing cases); Collins v. Superintendent Conway, 04 Civ. 4672, 2006 WL 1114053, at * 3 (S.D.N.Y. Apr. 26, 2006); Roberts v. Scully, 875 F. Supp. 182, 184 (S.D.N.Y. 1995), aff'd, 71

F.3d 406 (2d Cir. 1995).

Accordingly, federal habeas review of petitioner's legal insufficiency claim is precluded by the independent and adequate state ground doctrine unless petitioner has established cause for his procedural defaults in state court and actual prejudice resulting therefrom, or that a fundamental miscarriage of justice will occur if his claim is not reviewed.

2. Ineffective Assistance of Counsel Claim

The Appellate Division, Second Department held that collateral review of petitioner's ineffective assistance of trial counsel claims was barred by N.Y. C.P.L. § 440.10(2)(c). People v. Gutierrez, 57 A.D.3d at 1006, 871 N.Y.S.2d 325. Section 440.10(2)(c) precludes collateral review of an issue that appeared in the trial record but was not raised on direct appeal of the conviction. The Second Circuit has held Section 440.10(2)(c) to be an independent and adequate state ground that may preclude federal habeas review of a claim. See, e.g. Clark, 510 F.3d at 393 (holding that the district court erred in finding that Section 440.10(2)(c) did not constitute an adequate state procedural bar to the petitioner's federal habeas petition); Sweet v. Bennett, 353 F.3d 135, 140 (2d Cir. 2003); Levine v. Commissioner of Correctional Services, 44 F.3d 121, 126 (2d Cir. 1995).

Accordingly, federal habeas review of petitioner's ineffective assistance of trial counsel claim is precluded by the independent and adequate state ground doctrine unless petitioner has established cause for his procedural default in state court and actual prejudice resulting therefrom, or that a fundamental miscarriage of justice will occur if his claims is not reviewed.

10

### 3. Unconstitutionally Vague Claim

On his direct appeal from the judgment of conviction, petitioner argued, *inter alia*, "that the crime of depraved indifference murder, as interpreted and applied by the courts in [New York], is unconstitutionally vague." (Appellant's Brief on Direct Appeal, p. 32). Although the Appellate Division did not specifically address this contention, it held that petitioner's "remaining contentions" were either "unpreserved for appellate review or without merit." People v. Gutierrez, 15 A.D.3d at 504, 790 N.Y.S.2d 493. Accordingly, the Appellate Division denied petitioner's unconstitutionally vague argument either as procedurally defaulted or without merit.

In his 440.10 motion, petitioner again argued, albeit more thoroughly, that the crime of depraved indifference murder, as set forth in N.Y. Penal Law § 125.25(2) and interpreted and applied by the New York courts from 1983 to 2005, was unconstitutionally vague. (Defendant's Memorandum of Law in Support of 440.10 Motion [Def. 440.10 Mem.], pp. 22-27). In a footnote, petitioner admitted that he raised the unconstitutionally vague issue on direct appeal, but contended that "the Appellate Division erroneously failed to directly address the argument." (Def. 440.10 Mem., p. 27 n. 10). The County court denied that branch of petitioner's 440.10 motion pursuant to N.Y. C.P.L. § 440.10(2)(a), which provides that a state court "must deny a motion to vacate a judgment when: (a) The ground or issue raised upon the motion was previously determined on the merits upon an appeal from the judgment, * * *." In the alternative, the trial court denied petitioner's unconstitutionally vague claim on the merits. On appeal by permission, the Appellate Division declined to address this claim as "not properly before [that] Court." People v. Gutierrez, 57 A.D.3d at 1007, 871 N.Y.S.2d 325. Accordingly, the trial court is the last court to render a decision on petitioner's unconstitutionally vague claim.

As long as state courts regularly follow a state procedural rule, a federal habeas court should accept a state court's decision to apply the rule in a particular case, regardless of whether the rule had been correctly applied or not. See Garcia, 188 F.3d at 77; D'Alessandro v. Fischer, No. 01 Civ. 2551, 2005 WL 3159674, at * 19 (S.D.N.Y. Nov. 28, 2005). New York courts regularly follow Section 440.10(2)(a) to bar claims previously determined on appeal in collateral proceedings, see, e.g. People v. Skinner, 154 A.D.2d 216, 221, 552 N.Y.S.2d 932 (1st Dept. 1990), even when the claim is denied as being "unpreserved or without merit." See, e.g. People v. Fratello, 13 Misc.3d 1231(A), at * 6, 831 N.Y.S.2d 355 (N.Y. Sup. 2006); People v. Tam, 12 Misc.3d 1179(A), at * 3, 824 N.Y.S.2d 765 (N.Y. Sup. 2006). Courts in this Circuit have found Section 440.10(2)(a) to be an independent and adequate state law procedural ground which may preclude federal habeas review of a claim. See, e.g. D'Alessandro, 2005 WL 3159674, at * 19; Jones v. Miller, 03 Civ. 6993, 2004 WL 1416589, at * 9-10 (S.D.N.Y. June 25, 2004); Jelinek v. Costello, 247 F. Supp.2d 212, 288 (E.D.N.Y. 2003). But see Alexander v. Connell, No. 05 Civ. 9020, 2010 WL 2165273, at * 9 n. 6 (S.D.N.Y. Apr. 9, 2010), report and recommendation adopted, 2010 WL 2165272 (S.D.N.Y. May 28, 2010) (disagreeing that Section 440.10(2)(a) can be a procedural bar to federal habeas review).

Accordingly, federal habeas review of petitioner's unconstitutionally vague claim is precluded by the independent and adequate state ground doctrine unless petitioner has established cause for his procedural default in state court and actual prejudice resulting therefrom, or that a fundamental miscarriage of justice will occur if his claim is not reviewed.[5]

---

[5] In any event, petitioner's claim that Section 125.25(2) is unconstitutionally vague has been consistently rejected. See, e.g. Mannix v. Phillips, ___ F.3d ___, 2010 WL 3387898, at * 8-12 (2d Cir. Aug. 30, 2010); Guzman v. Greene, 425 F.Supp.2d 298, 320 (E.D.N.Y. 2006), aff'd,

12

4. Cause and Prejudice

"[T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded. . . efforts to comply with the State's procedural rule." Clark, 510 F.3d at 393 (quoting Murray v. Carrier, 477 U.S. 478, 488, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986)). Petitioner's only allegation of "cause" for his procedural defaults is that it would have been futile for his defense counsel to assert a contemporaneous objection to the insufficiency of the evidence supporting the depraved indifference murder charge because the law on that issue was evolving at the time of his trial.

In Brown, 353 Fed Appx. 518, the Second Circuit expressly rejected such a futility argument. In that case, the petitioner raised a similar claim challenging the legal insufficiency of his conviction for depraved indifference murder under New York law on direct appeal, which had been denied by the state court as unpreserved pursuant to N.Y. C.P.L. § 470.05(2). Id. In his federal habeas proceeding, that petitioner alleged that there was cause for his procedural default in state court because it would have been futile for him to raise his legal insufficiency argument during the state court trial in light of the controlling law in New York at the time of his trial. Id. at 519. In rejecting the petitioner's claim, the Second Circuit recognized that "[t]he Supreme Court has explained that futility cannot constitute cause for procedural default 'if it means simply that a claim was unacceptable to that particular court at that particular time.'" Id. at 520 (quoting Bousley v. United States, 523 U.S. 614, 623, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998)). The

---

337 Fed. Appx. 27 (2d Cir. July 14, 2009); People v. Johnson, 87 N.Y.2d 357, 361, 639 N.Y.S.2d 776, 662 N.E.2d 1066 (1996). Accordingly, the Appellate Division's rejection of petitioner's unconstitutionally vague claim as being without merit was not contrary to, nor an unreasonable application of, clearly established federal law, or an unreasonable determination of the facts.

13

Second Circuit rejected the petitioner's futility argument because it found that at the time of the petitioner's trial, New York state courts had not "consistently rejected" claims that a conviction for depraved indifference murder was legally insufficient. The Second Circuit further found that between 2001 and 2003, New York appellate courts had reversed two (2) depraved indifference murder convictions as being legally insufficient. Id. Thus, it would not have been futile for defense counsel to object to the legal insufficiency of the evidence at trial.

In light of Brown, petitioner cannot prevail on his claim that it would have been futile for him to object at trial to the legal insufficiency of the evidence adduced to support a conviction for depraved indifference murder. Petitioner's attempts to distinguish Brown and DiSimone v. Phillips, 461 F.3d 181 (2d Cir. 2006), upon which the Brown Court relied, are unpersuasive. In both cases, the Second Circuit based its rejection of similar futility arguments on the fact that as of 2001, New York state courts had not consistently rejected claims challenging the legal sufficiency of evidence adduced to support convictions for depraved indifference murder. Brown, 353 Fed. Appx. at 520; DiSimone, 461 F.3d at 191. The fact that the Second Circuit also cited to additional support from New York cases decided after 2001, subsequent to petitioner's trial and conviction, does not affect the holdings of those cases.[6]

Since petitioner has not established cause for his procedural defaults, he can only maintain the claims he asserts in his petition if he has demonstrated that a fundamental miscarriage of justice will result if those claims are not reviewed.

---

[6] Since petitioner has not demonstrated cause for the procedural default, it is unnecessary to consider whether he suffered any prejudice. See, e.g. Lisojo v. Rock, No. 09 Civ. 7928, 2010 WL 1223086, at * 27 (S.D.N.Y. Mar. 31, 2010), report and recommendation adopted, 2010 WL 1783553 (S.D.N.Y. Apr. 29, 2010).

14

5.  Fundamental Miscarriage of Justice

Petitioner contends that pursuant to the miscarriage of justice exception, his procedural defaults in state court do not bar federal habeas review of his claims because the evidence indicates that he committed intentional murder and, thus, he is actually innocent of the crime for which he was convicted, i.e., depraved indifference murder.

The miscarriage of justice exception applies only where "[a] constitutional violation has probably resulted in the conviction of one who is actually innocent." Carrier, 477 U.S. at 496, 106 S.Ct. 2639. "'Actual innocence' means factual innocence, not mere legal insufficiency.'" Dunham v. Travis, 313 F.3d 724, 730 (2d Cir. 2002) (quoting Bousley, 523 U.S. at 623, 118 S.Ct. 1604); see also Calderon v. Thompson, 523 U.S. 538, 559, 118 S.Ct. 1489, 140 L.ed.2d 728 (1998) ("The miscarriage of justice exception is concerned with actual as compared to legal innocence.") The Supreme Court has held that "'[a]ctual innocence' requires petitioner to support his allegations of constitutional error with new reliable evidence * * * that was not presented at trial." Schlup v. Delo, 513 U.S. 298, 327, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995); see also Calderon, 523 U.S. at 559, 118 S.Ct. 1489. Thus, in order to demonstrate actual innocence, the petitioner "must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." Schlup, 513 U.S. at 327, 115 S.Ct. 851; Dunham, 313 F.3d at 730.

Petitioner does not submit any new evidence of his purported innocence that was not presented at trial. Rather, petitioner merely challenges the legal sufficiency of the evidence adduced in support of his conviction for depraved indifference murder, while admitting to committing the crime of intentional murder. Thus, petitioner is not an individual "truly

15

deserving" of equitable relief, nor is his the type of "rare" or "extraordinary case" warranting application of the miscarriage of justice exception to excuse his procedural defaults in state court. See Schlup, 513 U.S. at 321, 115 S.Ct. 851. Many courts in this Circuit have likewise rejected application of the miscarriage of justice exception to similar legal insufficiency claims. See, e.g. Orcutt v. Fillion, No. 9:09-CV-205, 2010 WL 2696471, at * 4-5 (N.D.N.Y. June 9, 2010) (finding that the petitioner had not presented any new, reliable evidence or otherwise established his factual innocence), report and recommendation adopted, 2010 WL 2696474 (N.D.N.Y. July 6, 2010); Lisojo, 2010 WL 1223086, at * 27-28 (finding that the petitioner failed to demonstrate factual innocence based upon newly adduced evidence); Garbutt v. Conway, No. 05 Civ. 9898, 2009 WL 2474099, at * 3 (S.D.N.Y. Aug. 12, 2009) (declining to apply the miscarriage of justice exception since the petitioner did not claim that he was "entirely innocent").

This determination regarding the actual innocence inquiry is in direct contrast to the recent well-reasoned memorandum decision and order of the Honorable Arthur D. Spatt, United States District Judge, in Petronio v. Walsh, ___ F.Supp.2d ___, 2010 WL 3564269 (E.D.N.Y. Sept. 14, 2010), in which the petitioner raised a similar legal insufficiency challenge to his conviction for depraved indifference murder. Judge Spatt held, *inter alia*, in reliance on Bousley, 523 U.S. at 616, that "a petitioner need not offer new evidence in order to invoke the miscarriage of justice exception." Petronio, ___ F.Supp.2d ___, 2010 WL 3564269, at * 15. Judge Spatt further held that since the petitioner was actually innocent of the crime of depraved indifference murder, it would be a fundamental miscarriage of justice for him to serve a sentence for a crime he did not commit. See also Fernandez v. Smith, 558 F.Supp.2d 480, 494 (S.D.N.Y. 2008) (applying the miscarriage of justice exception to a legal insufficiency claim based upon a

16

depraved indifference murder conviction even though the petitioner was "surely. . . guilty of manslaughter.")

In Bousley, upon which Judge Spatt relied, the petitioner pled guilty to the crimes for which he was charged, i.e., drug possession with intent to distribute, 21 U.S.C. § 841(a)(1), and "using" a firearm "during and in relation to a drug trafficking crime,"18 U.S.C. § 924(c). 523 U.S. at 616, 118 S.Ct. 1604. The Supreme Court held "that, although [the petitioner's] claim [that his plea was not knowing and intelligent because he was misinformed as to the elements of a Section 924(c)(1) offense] was procedurally defaulted, [he] may be entitled to a hearing on the merits of it if he makes the necessary showing [of actual innocence] to relieve the default." 523 U.S. at 616, 118 S.Ct. 1604. Since the district court had not addressed the petitioner's claim of actual innocence, the Supreme Court remanded the case to permit him an opportunity to make a showing of actual innocence. Id. at 623, 118 S.Ct. 1604. The Supreme Court then rejected the government's argument that the petitioner was required to demonstrate his actual innocence of both "using" and "carrying" a firearm in violation of Section 924(c)(1) on the basis that the indictment only charged the petitioner with "using" firearms and there was no evidence that the government elected not to charge the petitioner with "carrying" a firearm in exchange for his guilty plea. In so doing, the Supreme Court stated that the "petitioner need demonstrate no more than that he did not 'use' a firearm as that term is defined in Bailey [v. United States, 516 U.S. 137, 144 116 S.Ct. 501, 133 L.Ed.2d 472, which was decided after the petitioner's conviction, during the pendency of his appeal]." Id. at 624, 118 S.Ct. 1604.

From that decision, Judge Spatt concluded that a petitioner "may show actual innocence not only through the introduction of new evidence but by highlighting intervening changes in the

17

law." Petronio, ___ F.Supp.2d ___, 2010 WL 3564269, at * 15. I respectfully disagree. First, the Second Circuit has held that the Supreme Court's "actual innocence" analysis in Bousley "is mere dictum." Doe v. Menefee, 391 F.3d 147, 162 (2d Cir. 2004). Moreover, the Second Circuit found that the Bousley analysis clearly relied on Schlup, Id. at 161, which held that "'[a]ctual innocence' requires petitioner to support his allegations of constitutional error with new reliable evidence- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence- that was not presented at trial." Schlup, 513 U.S. at 327, 115 S.Ct. 851. In addition, both the Supreme Court and Second Circuit have continued to apply Schlup's holding that actual innocence must be supported by new and reliable evidence post-Bousley. See, e.g. House v. Bell, 547 U.S. 518, 537, 126 S.Ct. 2064, 165 L.Ed.2d 1 (2006); King, 259 Fed. Appx. at 347; Lucidore v. New York State Division of Parole, 209 F.3d 107, 114 (2d Cir. 2000).

Furthermore, Bousley is distinguishable because unlike this case, and other cases challenging the legal insufficiency of depraved indifference murder convictions based upon the change in New York state law applying N.Y. Penal Law § 125.25(2), it did not involve the creation of a new law. Rather, Bousley involved a clarification of the law as it existed at the time of the petitioner's conviction, i.e., that the "use" prong of Section 924(c)(1) required a showing of "active employment of the firearm," not just "mere possession of a firearm." 523 U.S. at 616-8, 118 S.Ct. 1604. Accordingly, pursuant to the Second Circuit's holding in Dixon v. Miller, 293 F.3d 74 (2d Cir. 2002), the new interpretation of Section 924(c)(1), which merely clarified the law, was applicable on collateral review of the conviction. Id. at 79 (citing Fiore v. White, 531 U.S. 225, 121 S.Ct. 712, 148 L.Ed.2d 629 (2001)). To the contrary, the Second Circuit has rejected a claim that the most recent decisions of the New York Court of Appeals interpreting the

depraved indifference murder statute, N.Y. Penal Law § 125.25(2), merely clarified the law. In Henry v. Ricks, 578 F.3d 134 (2d Cir. 2009), the Second Circuit expressly held that those New York Court of Appeals decisions "marked a change in the law that did not apply retroactively." Id. at 138-9. Accordingly, the new law regarding the elements of depraved indifference murder, as interpreted by the New York Court of Appeals, would not be applicable on collateral review of petitioner's conviction. See Henry, 578 F.3d at 138-9; Dixon, 293 F.3d at 79.

Since petitioner has not established his actual innocence, the miscarriage of justice exception is inapplicable to permit federal habeas review of his procedurally defaulted claims. Accordingly, petitioner's claims, all of which have been procedurally defaulted, are precluded from federal habeas review. Therefore, the petition is dismissed in its entirety.

B. Certificate of Appealability

The standard for the issuance of a certificate of appealability pursuant to 28 U.S.C. § 2253(c), is whether "jurists of reason would find it debatable whether the petition states a valid claim." Slack v. McDaniel, 529 U.S. 473, 478, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). "Where, as here, the denial of the habeas petition is based upon procedural grounds, the certificate of appealability must show that jurists of reason would find debatable two issues: (1) that the district court was correct in its procedural ruling, *and* (2) that the applicant has established a valid constitutional violation." Richardson, 497 F.3d at 217; see also Slack, 592 U.S. at 484-5, 120 S.Ct. 1595.

In light of the conflict between courts in this Circuit regarding the issue of whether new evidence must be submitted to establish actual innocence warranting application of the

miscarriage of justice exception to a petitioner's procedural default, the first prong of the certificate of appealability standard is met in this case. However, since the constitutional claims petitioner raises in his petition have been consistently rejected, jurists of reason would not find it debatable that petitioner has established a valid constitutional violation. Accordingly, since petitioner has failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. 28 U.S.C. § 2253(c); see also Miller-El v. Cockrell, 537 U.S. 322, 336, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003). Petitioner has a right to seek a certificate of appealability from the Court of Appeals for the Second Circuit. See, 28 U.S.C. § 2253.

III. CONCLUSION

The petition for a writ of habeas corpus is dismissed in its entirety. The Clerk of the Court is directed to close this case.

SO ORDERED.

SANDRA J. FEUERSTEIN
United States District Judge

Dated: September 27, 2010
Central Islip, New York